UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY ALLEN CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01901-JMB |
| | ) | |
| ETHAN CAMPANGA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Rodney Allen Campbell's Application to Proceed in District Court Without Prepaying Fees or Costs. Based on Plaintiff's financial information, the Court assesses an initial partial filing fee of $1.00. On initial review, the Court dismisses this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Background

Plaintiff has filed 13 actions in this Court since December 8, 2025, the majority of which have been filed against St. Charles County or the St. Charles County Jail. *See Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1784-JMB (E.D. Mo. filed Dec. 8, 2025); *Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1902-ACL (E.D. Mo. filed Dec. 29, 2025); *Campbell v. Unknown,* No. 4:26-cv-24-JMD (E.D. Mo. Jan. 5, 2026); *Campbell v. St. Clair Cnty. Jail*, No. 4:26-cv-65-MTS (E.D. Mo.

filed Jan. 15, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-89-MAL (E.D. Mo. filed Jan. 21, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-152-HEA (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Madison Cnty. Jail*, No. 4:26-cv-158-JSD (E.D. Mo. filed Feb. 2, 2026); *Campbell v. St. Charles Cnty., Mo.*, No. 4:26-cv-162-AGF (E.D. Mo. Feb. 2, 2026); *Campbell v. Madison Cnty. Jail*, No. 4:26-cv-165-RHH (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Johnson,* No. 4:26-cv-203-NCC (E.D. Mo. filed Feb. 6, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-205-SRC (E.D. Mo. filed Feb. 9, 2026); *Campbell v. State of Mo.*, No. 4:26-cv-239-CDP (E.D. Mo. filed Feb. 17, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-241-ZMB (E.D. Mo. filed Feb. 17, 2026).

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). After reviewing the information contained in his application, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (a court may assess an initial partial filing fee "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371,

372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this prisoner civil rights action against the 11th Judicial Circuit Court (St. Charles County) and his former criminal defense attorney, Ethan Campanga. He alleges he is "being held hostage" by the St. Charles County Jail on charges of first degree felony harassment. Doc. 1 at 4. He states the victim has refused to come forward to accuse him, yet the St. Charles County Court "refuses to drop this case." *Id.* As to his claims against his former attorney, he states Campanga appeared in court without his knowledge and had his court date continued to

December 9, 2025. Plaintiff fired his attorney and has since filed motions to have him removed from the criminal case.

Plaintiff states that his confinement is causing pain and anxiety, for which he is prescribed medication. For relief, he asks that his state court charges be dropped and that he collect damages for his pain and suffering. He also seeks $500,000 for his lost time.

## Discussion

Plaintiff brings this action under 42 U.S.C. § 1983 alleging Defendants the 11th Judicial Circuit Court and attorney Ethan Campanga have violated his constitutional rights in his underlying criminal prosecution pending in St. Charles County. As to the 11th Judicial Circuit Court, state courts as entities are not vulnerable to suit pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity. *See Mildfelt v. Circuit Ct. of Jackson Cnty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Therefore, the Court dismisses Plaintiff's complaint as to Defendant 11th Judicial Circuit Court.

As to his former criminal defense attorney, Plaintiff alleges Ethan Campanga continued a court hearing without his knowledge.[1] Defense attorneys, whether appointed or retained, do not act under color of state law, and thus cannot be liable

---

[1] Plaintiff and his attorney both sought his attorney's withdrawal from the case. *See State v. Campbell*, No. 2311-CR03364-01, (11th Jud. Cir. Dec. 9, 2025) ("Attorney Ethan Campagna . . . is hereby granted leave to withdraw on attorney's motion and Defendant's motion.).

for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992).  For this reason, the Court dismisses Plaintiff's claims brought against his attorney, Defendant Ethan Campanga.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**.  (Doc. 4)

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.00 within 30 days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants 11th Judicial Circuit Court and Ethan Campanga are **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 18th day of February, 2026.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE